# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

SCOTT STOTTLEMIRE
and TINA STOTTLEMIRE,

    Plaintiffs,

v.                                              CIVIL ACTION NO.: 1:16-CV-118
                                                    (GROH)

CALIBER HOME LOANS, INC.,
and LOAN STAR FUNDING, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO REMAND

Currently pending before the Court is the Plaintiffs' Motion to Remand [ECF No. 12], filed on September 21, 2016. This matter became ripe for review on October 12, 2016. For the following reasons, the Court **GRANTS** the motion.

### I. Background

On May 12, 2016, the Plaintiffs filed a complaint in the Circuit Court of Marion County, West Virginia, alleging common law fraud and violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") against Caliber Home Loans, Inc. ("Caliber"), and Loan Star Funding, LLC ("Loan Star"). Specifically, the Plaintiffs allege that Caliber and, through an agency relationship, Loan Star made misrepresentations in order to obtain information in violation of West Virginia Code § 46A-2-127; engaged in unconscionable conduct in violation of § 46A-2-128; made fraudulent misrepresentations, statements and suppressions; refused to apply loan payments to their account in violation

of § 46A-2-115; and failed and refused to provide account information upon request in violation of § 46A-2-114, -115, -127(c) and -128. On June 16, 2016, Caliber removed the case to this Court based upon diversity jurisdiction. On September 21, 2016, the Plaintiffs' filed the instant motion to remand, arguing that Caliber failed to meet its burden in demonstrating that the amount in controversy is in excess of $75,000.

## II. Applicable Law

The party seeking removal bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). When removal is based upon diversity and the complaint does not specify the amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Bell v. Werner Enters., Inc., Civil Action No. 5:11CV18, 2011 WL 1297115, at *5 (N.D. W. Va. Apr. 5, 2011); Adkins v. Wells Fargo Fin. W. Va., Inc., Civil Action No. 5:09-cv-00405, 2009 WL 1659922, at *2 (S.D. W. Va. June 15, 2009). In other words, the removing party must "show that it is more likely than not" that the jurisdictional amount is met. Briggs v. Nationstar Mortg., LLC, Civil Action No. 3:15-CV-24, 2015 WL 2354605, at *4 (N.D. W. Va. May 15, 2015) (internal quotations and citation omitted). Evidence of the amount in controversy in the form of speculation will not suffice. Bell, 2011 WL 1297115, at *6; McWha v. Otway, Civil Action No. 5:06CV164, 2007 WL 2362898, at *2 (N.D. W. Va. Aug. 15, 2007); see also Caufield v. EMC Mortg. Corp., 803 F. Supp. 2d 519, 528 (S.D. W. Va. 2011) ("The mere possibility that the plaintiff . . . *could* meet [the amount in controversy] is not enough to give this court jurisdiction." (emphasis in original)). Rather, it must be proven by "actual evidence." McNickle v. Am. Express Co., Civil Action No. 5:13CV60, 2013 WL 4040574, at *3 (N.D.

W. Va. Aug. 8, 2013) (citing Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009)). Removal jurisdiction must be strictly construed and all doubts regarding removal should be resolved in favor of remand to state court. Mulcahey, 29 F.3d at 151; Marshal v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993).

### III. Discussion

Contrary to Caliber's assertion, the value of this case is not measured by the worth of the Plaintiffs' home. Rather, it is measured by the claims alleged and the relief requested in the complaint. Here, the Plaintiffs allege common law fraud and violations of West Virginia Code § 46A-2-114, -115, -127 and -128. They request the maximum applicable civil penalties under the WVCCPA, actual damages, attorney fees, punitive damages in regard to their fraud claim, joint and several liability, and any other relief the Court deems equitable and just. The only monetary amount specified in the Plaintiffs' complaint is on page three regarding the purchase price of their home.

#### A. Statutory Penalties

Caliber claims that the Plaintiffs assert sixteen WVCCPA violations, resulting in $16,000 worth of statutory penalties. In assessing the amount in controversy, the maximum recovery available under the WVCCPA may be used. See Jefferson v. Quicken Loans, Inc., Civil Action No. 5:13CV59, 2013 WL 3812099, at *2 (N.D. W. Va. July 19, 2013) (collecting cases). West Virginia Code § 46A-5-101 provides penalties for WVCCPA violations, which are subject to adjustment to account for inflation, see W. Va. Code § 46A-5-106. Caliber states that the "Plaintiffs *appear* to allege at least 16 violations of the WVCCPA." ECF No. 1 at 4 (emphasis added). Caliber admits, and a review of the complaint confirms, that the number of WVCCPA violations alleged by the Plaintiffs is not

3

readily determinable. Thus, the amount of statutory penalties provided by Caliber is based on conjecture, which does not qualify as evidence regarding the jurisdictional amount. See Bell, 2011 WL 1297115, at *6; McWha, 2007 WL 2362898, at *2. Accordingly, Caliber's estimation of statutory penalties is not used by this Court in determining the amount in controversy.

**B.     Attorney Fees**

Caliber projects that the Plaintiffs "may receive as much as $25,000 in attorney's fees." ECF No. 1 at 6. Generally, attorney fees are excluded when determining the jurisdictional amount in diversity cases. Dunlap v. Green Tree Servicing, LLC, No. Civ.A. 2:05-0311, 2005 WL 3177881, at *5 (S.D. W. Va. Nov. 28, 2005). However, they may be included if they are allowed by statute or explicitly provided for by contract. Id. Attorney fees are available under the WVCCPA,[1] and thus may be used to calculate the amount in controversy in this case if supported by actual evidence. In its notice of removal and response, Caliber references attorney fees awarded in cases in the Southern District of West Virginia, but "[a]ttorney's fees in this case cannot be accurately predicted by reference to attorney's fees awarded in other cases under the WVCCPA." See McNickle, 2013 WL 4040574, at *3. Moreover, because attorney fees are awarded at the discretion of the court, the likelihood of their distribution is uncertain and cannot be used here to compute the amount in controversy. See Kelley v. Sallie Mae, Inc., Civil Action No. 5:14cv138, 2015 WL 1650080, at *9 (N.D. W. Va. Apr. 14, 2015) (first citing W. Va. Code § 46A-5-104; then citing Chevy Chase Bank v. McCamant, 512 S.E.2d 217, 227 (W. Va. 1998)); see also McNickle, 2013 WL 4040574, at *2-3. Therefore, the Court does not

---

[1] Specifically, § 46A-5-104 allows courts to award "reasonable attorney fees" for any WVCCPA claim alleging "illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice."

4

take Caliber's valuation of attorney fees into consideration in calculating the jurisdictional amount.

### C. Actual Damages

Caliber contends that the "Plaintiffs may recover more than $5,000 in actual damages in this case." ECF No. 1 at 7. However, this approximation of actual damages—again based upon case law from the Southern District of West Virginia—"is not evidence; it is an assumption." Bartnikowski, 307 F. App'x at 738. At the time of removal, there was no evidence regarding the amount of actual damages suffered by the Plaintiffs in this case. See Adkins, 2009 WL 1659922, at *3. Caliber alleges that, based upon the recovery awarded in Clements v. HSBC Auto Finance, Inc., Civil Action No. 5:09-cv-00086, 2011 WL 2976558, at *5 (S.D. W. Va. July 21, 2011), and the Plaintiffs' assertion here that they suffered stress, worry and fear of losing their home, actual damages may exceed $5,000. Actual damages awarded in another case have no bearing on the actual damages at issue in this matter and Caliber's assertion that the Plaintiffs' stress, worry and fear of losing their home equates to $5,000 in recovery is purely speculative. Therefore, the Court disregards this figure.

### D. Punitive Damages

Caliber argues that the Plaintiffs "may recover as much as $45,000 in punitive damages." ECF No. 1 at 7. If available under the applicable law, punitive damages are included in calculating the amount in controversy. Judy v. JK Harris & Co., Civil Action No. 2:10-cv-01276, 2011 WL 4499316, at *7 (S.D. W. Va. Sept. 27, 2011) (citing 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3702 (4th ed. 2011)). However, when they are "proffered for the purpose of achieving the jurisdictional

5

amount," they "should be carefully examined." Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983). Punitive damages are not available under the WVCCPA. See Patrick v. PHH Mortg. Corp., 937 F. Supp. 2d 773, 787 (N.D. W. Va. 2013) ("[T]he penalty provision of the WVCCPA has been interpreted to preclude the award of punitive damages." (internal quotations and citations omitted)). Therefore, here, only the Plaintiffs' common law fraud claim carries a possibility of punitive recovery. Caliber derives its punitive damages total from its estimation of actual damages for WVCCPA violations. However, because punitive damages cannot be awarded under the WVCCPA, its estimation is flawed. Moreover, there is no tangible support—only conjecture—indicating the amount of punitive damages recoverable under the Plaintiffs' fraud claim. Accordingly, the Court does not include Caliber's proffer of punitive damages in its calculation of the amount in controversy.

### E.   Fees and Costs Incurred from Removal

In their motion to remand, the Plaintiffs request that they be reimbursed the fees and costs associated with removal. Awarding costs and expenses under 28 U.S.C. § 1447(c) is discretionary. Martin v. Franklin Capitol Corp., 546 U.S. 132, 136 (2005); see also In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). Although a showing of bad faith is not required, Lowe, 102 F.3d at 733 n.2, there must at least be evidence that the removing party "lacked an objectively reasonable basis for seeking removal," Martin, 546 U.S. at 141. Upon consideration, the Court does not find that Caliber's removal was objectively unreasonable. Indeed, absent a blanket assertion, the Plaintiffs do not specify how it was unreasonable. Therefore, the Court declines to award fees and costs under § 1447(c).

## IV. Conclusion

There is no evidence in the record to support Caliber's claim that the amount in controversy in this case exceeds $75,000. A review of the state court documents reveals no actual evidence of the monetary damages at issue. In conclusion, Caliber falls short of the required preponderance of the evidence standard by demonstrating only the mere possibility of an amount in controversy greater than $75,000. It points to evidence and circumstances in other cases, but no concrete evidence in this case, which would establish the jurisdictional amount. The Court will not engage in speculation to obtain jurisdiction.

Accordingly, the Court **GRANTS** the Plaintiffs' Motion to Remand [ECF No. 12] and **ORDERS** this case **REMANDED** to the Circuit Court of Marion County, West Virginia.

The Plaintiff's request for costs and fees under 28 U.S.C. § 1447(c) is **DENIED**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to the Circuit Court of Marion County, West Virginia.

**DATED:** January 20, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE